IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

MICHAEL STEVEN BENNETT　　　*

　　Petitioner,　　　　　　　　*

　　v.　　　　　　　　　　　　*　　　　2:07-CV-408-MEF

STATE OF ALABAMA, *et al.*,　　*

　　Respondents.　　　　　　　*

_____

**ORDER**

Petitioner, Michael Bennett, ["Bennett"], by and through counsel, filed this 28 U.S.C. § 2254 petition for habeas corpus relief on May 10, 2007. Bennett was convicted, pursuant to his plea of guilty, for first degree robbery entered against him by the Circuit Court for Montgomery County, Alabama, on November 20, 2003. The trial court sentenced Bennett on January 15, 2004 to a 20 year split sentence with three years to serve. The court suspended seventeen years of the sentence and ordered Bennett to serve two years on probation. Bennett did not file a direct appeal.

In the instant petition, Bennett challenges the revocation of his split sentence on February 28, 2005 and the court's imposition of his original term of imprisonment. During Bennett's initial period of confinement, the trial court held a hearing on February 28, 2005 after it was notified by the Alabama Department of Corrections that Bennett had received disciplinaries during his confinement. Following the hearing, the court revoked Bennett's split sentence and imposed the original sentence of imprisonment. Bennett did not appeal

the state court's judgment.

Bennett brings the instant petition alleging that he was denied the right to counsel at the February 28, 2005 hearing. He further contends that he was denied due process because he did not receive notice of the nature of said hearing.

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] Respondents contend that because Bennett' revocation proceeding became final in April 2005 -- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of this judgment becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Upon review of the pleadings filed in this case and applicable case law, it appears that Bennett' § 2254 petition is precluded from review by this court as it was filed outside the applicable period of limitation.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. Bennett's split sentence was revoked on February 28, 2005 following a revocation proceeding in the trial court. Bennett did not appeal the state court's judgment. Since Bennett failed to undertake the direct appeal process, he could not petition the United States Supreme Court for review of the judgment. By operation of law, the

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

challenged judgment became final on April 11, 2005- forty-two days after imposition of judgment as this is the date on which his time to seek direct review expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*. The one-year period of limitation contained in section 2244(d)(1)(A), therefore, began to run on this date.

Although 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section[,]" Bennett failed to file a state post-conviction petition or other collateral action challenging the February 28, 2005 judgment. Consequently, the time allowed Bennett for the filing of a federal habeas petition expired on April 11, 2006. Bennett filed the present habeas corpus application on May 10, 2007, more than one year after the limitation period for filing a federal habeas petition expired.

Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Bennett filing the instant § 2254 petition. In light of the foregoing, it is

ORDERED that on or before July 25, 2007 Bennett shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

Done, this 5th day of July 2007.

    /s/ Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE