IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL STEVEN BENNETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:07cv408-MEF |
| | ) (WO) |
| STATE OF ALABAMA, *et al*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Michael Bennett, ["Bennett"], a state inmate, by and through counsel, on May 10, 2007. Bennett was convicted, pursuant to his guilty plea, of first degree robbery by the Circuit Court for Montgomery County, Alabama, on November 20, 2003. The trial court sentenced Bennett on January 15, 2004 to a 20-year split sentence with three years to serve. The court suspended seventeen years of the sentence and ordered Bennett to serve two years on probation. Bennett did not file a direct appeal.

In the instant petition, Bennett challenges the revocation of his split sentence on February 28, 2005 and the court's imposition of his original term of imprisonment. During Bennett's initial period of confinement, the trial court held a hearing on February 28, 2005 after it was notified by the Alabama Department of Corrections that Bennett had received disciplinaries during his confinement. Following the hearing, the court revoked Bennett's split sentence and imposed the original sentence of imprisonment. Bennett did not appeal the state court's judgment.

Bennett brings the instant petition alleging that he was denied the right to counsel at the February 28, 2005 hearing. He further contends that he was denied due process because he did not receive notice of the nature of said hearing.

Pursuant to the orders of this court, the respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] Respondents contend that because Bennett' revocation proceeding became final in April 2005 -- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of this judgment becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. The respondents assert that Bennett failed to file a state post-conviction action which tolled the limitation period. Thus, the respondents maintain that Bennett's petition "is barred by the statute of limitation period of 28 U.S.C. § 2244(d) because it was filed outside the one-year period for the filing of habeas corpus petitions." (Response at 8, Doc. # 7).

Upon review of the pleadings filed in this case, the court concludes that no evidentiary hearing is required and that the petition is due to be denied pursuant to 28 U.S.C. § 2244(d) in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

It is clear from the evidentiary materials filed by the respondents that Bennett's

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

conviction became final in April 2005 – **after** the effective date of the one-year statute of limitations contained in 28 U.S.C. § 2244(d) which provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, Bennett must have filed his § 2254 petition within one year of his conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review of the challenged judgment, whichever is later. Bennett's split sentence was revoked on February 28, 2005 following a revocation proceeding in the trial court. Bennett did not appeal the state court's judgment. Since Bennett failed to undertake the direct appeal process, he could not petition the United States Supreme Court for review

of the judgment.[2]  By operation of law, the challenged judgment became final on April 11, 2005 – forty-two days after imposition of sentence as this is the date on which his time to seek direct review expired.  *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*.  The one-year period of limitation contained in section 2244(d)(1)(A), therefore, began to run on this date.

Although 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section[,]" Bennett failed to file a state post-conviction petition or other collateral action challenging the February 28, 2005 judgment. Consequently, the time allowed Bennett for the filing of a federal habeas petition expired on April 11, 2006.[3]  Bennett filed the present habeas corpus application on May 10, 2007, more than one year after the limitation

---

[2] Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken.  *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) "(A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' see 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *Nix v. Secretary for Dep't of Corrections*, 393 F.3d 1235, 1236 (11th Cir. 2004) ("Section 2244(d)(1)(A) provides that the one-year limitations period in which a state prisoner has to file a writ of habeas corpus begins to run from 'the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review.'").  Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply for certiorari expires.  *Id.*  However, the ninety-day period in which to seek certiorari from the United States Supreme Court does not count towards the one-year period of limitation only when a petitioner has preserved his right to seek this relief.  Bennett did not file a direct appeal of his conviction or the revocation of his split sentence.  Consequently, Bennett cannot avail himself of the ninety day period because, by operation of law, he could not petition the United States Supreme Court for review of his conviction.

[3] The court notes that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298 (11th Cir. 2000).  However, there is nothing before the court which demonstrates the presence of "extraordinary circumstances" to warrant an "equitable tolling" of the limitation period.

period for filing a federal habeas petition expired.  Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Bennett filing the instant § 2254 petition.

On July 5, 2007, the court ordered Bennett to show cause why his petition should not be dismissed pursuant to 28 U.S.C. § 2244(d) for his failure to file within the applicable one-year limitation period.  After being given an opportunity to show cause why the petition should not be dismissed for failure to file within the one-year limitation period, Bennett has filed nothing in response to the court's order.  Thus, the court finds that the one-year limitation period of 28 U.S.C. § 2244(d)(1) expired on April 11, 2006, well over one year before Bennett filed his federal habeas petition.  Because Heath did not file in this court until May 10, 2007, his petition is time-barred and this court may not address the merits.  The court further concludes that the petitioner has failed to show cause why his petition should not be dismissed.

Accordingly, for the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that this case be dismissed pursuant to 28 U.S.C. § 2244(d).  It is further the RECOMMENDATION of the Magistrate Judge that the costs of this proceeding be taxed against the petitioner.  It is

ORDERED that the parties shall file any objections to the said Recommendation on or before **September 4, 2007.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 21th day of August, 2007.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE